LAURA E. DUFFY
United States Attorney
MARK W. PLETCHER
Assistant U.S. Attorney
Colorado Bar No.: 034615
ROBERT S. HUIE
Assistant U.S. Attorney
California Bar No.: 237374
880 Front Street, Room 6293
San Diego, CA 92101
Tel: (619) 546-9714
Email:  mark.pletcher@usdoj.gov

ANDREW WEISSMANN
Chief, Fraud Section
CATHERINE VOTAW
D.C. Bar No.: 1012563
BRIAN R. YOUNG
Ohio Bar No.: 0078395
Trial Attorneys, Fraud Section
Criminal Division
Tel:  (202) 616-3114
Email: brian.young4@usdoj.gov

Attorneys for the United States

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No.: 15-CR- 967-WQH |
| | **INFORMATION** |
| v. | Title 18, U.S.C., Sec. 371 – Conspiracy To Commit Bribery |
| TODD DALE MALAKI, | |
| Defendant. | |

The United States charges that, at all times relevant to this Information:

**FILED**

APR 1 5 2015

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY            DEPUTY

1.    Defendant TODD DALE MALAKI was an Officer in the United States Navy, serving as a Lieutenant until August 2010, at which time he was promoted to the rank of Lieutenant Commander.   From on or about December 2011 until September 2013, MALAKI was an active duty naval officer, assigned variously as a student at the Naval War College; as a Supply Officer at Navy Mobile Construction Battalion; and as a Detachment Director, Fleet Logistics Center, San Diego, Ventura County.   From about October 2009 until about December 2011, MALAKI was assigned to Military Sealift Command Far East ("MSC") in Singapore as a Combat Logistics Officer ("CLO"). As a CLO, MALAKI was responsible for providing logistics planning and support to the ships and personnel who operated in the area controlled by the U.S. Navy's Seventh Fleet.   From about January 2007 to about October 2009, MALAKI was the Supply Officer ("SUPPO") aboard the U.S. Navy vessel USS John S. McCain (DDG-56).   The USS John McCain was a U.S. Navy warship based out of Yokosuka, Japan. As a SUPPO on the USS John McCain, MALAKI was responsible for the procurement of goods and services required by the ship.   From about January 2005 to about January 2007, MALAKI was a SUPPO and Operational Logistics Planner for the U.S. Navy's 7th Fleet, Yokosuka, Japan, aboard the USS Blue Ridge (LCC-19).   Aboard the USS Blue Ridge, MALAKI's duties included procuring goods and services as required by the Seventh Fleet staff.

2.    At all times, as an Officer in the U.S. Navy, MALAKI was a "public official" as defined in 18 U.S.C. § 201(a).

3.    Glenn Defense Marine Asia ("GDMA") was a multi-national corporation with headquarters in Singapore and operating locations throughout Asia, including in Japan, Thailand, the Philippines, and elsewhere.    GDMA's main business was the "husbanding" of marine vessels, which involved the coordination, scheduling, and direct and indirect procurement of items and services required by ships and submarines when they arrived in port.

4.    Leonard Glenn Francis ("Francis") was the President and Chief Executive Officer of GDMA.

5.    It was a violation of MALAKI's official duties as an Officer in the U.S. Navy (a) to transmit information that the U.S. Navy had classified as "Confidential" to any person not entitled to receive it; (b) to make unauthorized disclosure of proprietary, internal U.S. Navy information; and (c) to use his position and influence within the U.S. Navy to benefit GDMA and Francis.

## COUNT 1 – CONSPIRACY TO COMMIT BRIBERY

### THE CONSPIRACY

6.    Beginning in or about February 2006, and continuing until in or about September 2013, on the high seas and outside the jurisdiction of any particular district, defendant U.S. Navy Lieutenant Commander TODD DALE MALAKI, a public official, GDMA, Francis, and others knowingly and unlawfully combined, conspired and agreed to commit bribery, in violation of Title 18, United States Code, Sections 201(b)(2)(A) and (C).

## OBJECT OF THE CONSPIRACY

7.   It was the object of the conspiracy for MALAKI to demand, receive, and accept things of value from GDMA's officers and employees, including cash, entertainment expenses, hotel expenses, and the services of a prostitute, and in return MALAKI would provide GDMA with classified U.S. Navy ship schedules and other proprietary, internal U.S. Navy information, and, as opportunities arose, would use his position and influence with the U.S. Navy to benefit GDMA.

## METHODS AND MEANS OF THE CONSPIRACY

8.   In furtherance of this conspiracy, and to accomplish its unlawful object, the following methods and means were used, among others:

a.   GDMA's officers and employees would give, offer, and promise things of value to or on behalf of MALAKI, including cash, entertainment expenses, hotel expenses, and the services of a prostitute.

b.   MALAKI would demand, seek, receive, accept and agree to receive and accept these things of value from GDMA's officers and employees.

c.   In return for these things of value, MALAKI would provide GDMA with classified U.S. Navy ship schedules and proprietary, internal U.S. Navy information, and would use his position and influence with the U.S. Navy to benefit GDMA.

Information

4

OVERT ACTS

8.   In furtherance of the conspiracy and to effect its unlawful object, the following overt acts, among others, were committed:

a.   On or about February 21, 2006, MALAKI sent Francis two emails entitled "Test."  Both emails attached invoices from an Australian husbanding contractor detailing the amounts charged by that contractor for ship husbanding services provided to the U.S. Navy in Fiji and the Maldives.  Invoices from a competitor husbanding agent were proprietary, internal U.S. Navy information.

b.   On or about February 21, 2006, Francis replied to MALAKI by email, commenting on how impressed he was at the speed in which MALAKI provided the requested information, and requesting that MALAKI provide two years' worth of invoices for U.S. Navy husbanding contractors for several other ports. Although such competitor husbanding agent invoices were proprietary, internal U.S. Navy information, MALAKI obtained and transmitted these invoices to Francis.

c.   On or about March 9-12, 2006, GDMA paid for a deluxe room for MALAKI at the Grand Hyatt, Singapore.

d.   In or about March 2006, during a port visit to Port Klang, Malaysia, MALAKI and Francis went to a karaoke club, and Francis provided MALAKI with the services of a prostitute.

e.    In or about June 2007, Francis sent MALAKI an email stating, "I need a favor from you and need to talk with you regards my favorite SSO [Ship Support Office]. I need some dirty laundry o[n] them bad mouthing us on email. A smoking gun." In this email, Francis was requesting proprietary, internal U.S. Navy information on the SSO and its personnel in Hong Kong. During the ensuing discussion, Francis and MALAKI also corresponded about accommodations for MALAKI during the USS John S. McCain's visit to Hong Kong.

f.    In or about July 12-15, 2007, Francis provided MALAKI with a hotel room at the Grand Hyatt, Wan Chai, Hong Kong.

g.    On or about July 15, 2008, MALAKI sent an email to a GDMA official, copying Francis, requesting accommodations during the period July 30, 2008 through August 8, 2008, on the Island of Tonga, and stating, "I would like [a] room every day we are in port, Todd."

h.    On or about August 5, 2008, MALAKI forwarded Francis a proprietary, internal U.S. Navy email chain regarding fuel provided in Brisbane, Australia by a competing husbanding agent.

i.    On or about March 12, 2010, after MALAKI had transitioned from the USS John S. McCain to FLC Singapore, Francis emailed MALAKI, asking, "Do you have the updates?" MALAKI replied, "I can get you anything you need."

j.    On or about April 9, 2010, Francis gave MALAKI an envelope containing approximately 2,000 Singapore dollars, worth approximately $1,500 USD.

k.    During the 2010 Christmas season, MALAKI hand-delivered to Francis classified U.S. Navy ship schedules, and in return, Francis gave MALAKI an envelope containing approximately 2,000 Singapore dollars, worth approximately $1,500 USD.

l.    In 2011, on frequent occasions, including on or about February 7, September 22, November 4 and November 7, 2011, MALAKI sent Francis classified ship schedules.

All in violation of Title 18, United States Code, Section 371.

DATED:   April   , 2015.

LAURA E. DUFFY
United States Attorney

By:   MARK W. PLETCHER
ROBERT S. HUIE
Assistant U.S. Attorneys

ANDREW WEISSMANN
Chief, Fraud Section
Criminal Division

By:   CATHERINE VOTAW /MWP
BRIAN R. YOUNG
Trial Attorneys
Fraud Section
U.S. Department of Justice